UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CATHERIN FUNK-VAUGHN,<br><br>    Plaintiff,<br><br>v.<br><br>RUTHERFORD COUNTY, TENNESSEE, et al.,<br><br>    Defendants. | Case No. 3:18-cv-01311<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

To:  The Honorable Eli J. Richardson, District Judge

### REPORT AND RECOMMENDATION

Pro se Plaintiff Catherin Funk-Vaughn previously sued the Tennessee Department of Children's Services under 42 U.S.C. § 1983, alleging violations arising out of state criminal and child-custody proceedings in which she pleaded guilty to child abuse and her parental rights to her minor children were terminated. *See Funk-Vaughn v. Tenn. Dep't of Children's Servs.*, No. 3:18-cv-1286, 2019 WL 1053649 (M.D. Tenn. Feb. 6, 2019) (recommending dismissal for failure to state a claim), *report and recommendation adopted by* 2019 WL 1040871 (M.D. Tenn. Mar. 5, 2019). That action was dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Funk-Vaughn*, 2019 WL 1040871, at *1 (adopting magistrate judge's report and recommendation). In this action, Funk-Vaughn has refiled verbatim her complaint from the earlier action[1] with one change—instead of the Tennessee Department of Children's Services, she now names Rutherford County, Tennessee; Murfreesboro, Tennessee; and the Murfreesboro

---

[1] *Compare* (Doc. Nos. 1, 1-2), *with* Complaint and Appendix, *Funk-Vaughn v. Tenn. Dep't of Children's Servs.*, No. 3:18-cv-1286 (M.D. Tenn. Nov. 13, 2018), ECF Nos. 1, 1-2.

Police Department (the MPD) as defendants. (Doc. Nos. 1, 1-2.) These defendants have filed motions to dismiss Funk-Vaughn's complaint. (Doc. Nos. 24, 58.) For the reasons that follow, the Magistrate Judge will recommend that the Court grant the defendants' motions to dismiss and dismiss Funk-Vaughn's complaint in its entirety.

**I.     Background**

The Court described Funk-Vaughn's three-page complaint, accompanied by 229 pages of attachments, at length in the prior action. *See Funk-Vaughn*, 2019 WL 1053649, at *1–3. In that action, Funk-Vaughn did "not file[ ] an amended complaint seeking to add other defendants, despite being advised of the procedure to do so." *Id.* at *3. Nevertheless, the Court found that, to the extent Funk-Vaughn's filings could be read as an attempt "to add the Rutherford County Juvenile Court and the [MPD]" to her complaint, those attempts were futile because "the Court would lack jurisdiction [over such claims] under the *Heck v. Humphrey* doctrine or the *Rooker-Feldman* doctrine." *Id.* at *4.

Funk-Vaughn re-filed her previously dismissed complaint and attachments in this action on November 26, 2018. (Doc. Nos. 1, 1-2.) The City of Murfreesboro, the MPD, and Rutherford County have filed motions to dismiss.[2] (Doc. Nos. 24, 58.) They argue, among other things, that Funk-Vaughn cannot assert claims against them now because she "had the opportunity to assert such claims . . . in the previously dismissed litigation [based on the same operative facts] but failed to do so." (Doc. No. 59, PageID# 476; Doc. No. 60 (adopting arguments in Doc. Nos. 58, 59).)

---

[2]     Jennings H. Jones, who serves as the District Attorney General for Rutherford County, has also moved to dismiss the complaint, arguing only that Funk-Vaughn has failed to serve him in accordance with Federal Rule of Civil Procedure 4. (Doc. Nos. 18, 45.) Funk-Vaughn has not named Jones as a defendant in this action. She did, however, place his name on a summons addressed to Defendant Rutherford County. (Doc. No. 6.) For the reasons explained herein, the Magistrate Judge will recommend that Jones's motions to dismiss be denied as moot.

None of Funk-Vaughn's filings in this action has explained her failure to name these defendants in the previous action or argued that she lacked a full and fair opportunity to litigate her claims against them in that case.

**II.	Analysis**

The doctrines of collateral estoppel and res judicata "serve[ ] to 'relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.'" *United States v. Mendoza*, 464 U.S. 154, 158 (1984) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). These doctrines are also referred to as "issue preclusion" and "claim preclusion." *Id.* at 158 n.3 (quoting Restatement (Second) of Judgments § 27 (1982)).

The Sixth Circuit has recognized that where, as here, "a litigant brings repeated actions based upon the same operative facts," a district court may dismiss the action based on claim or issue preclusion even if the complaint includes "a change in legal theory or the 'cast of characters—defendants.'" *Ga.-Pac. Consumer Prods. LP v. Four-U-Packaging, Inc.*, 701 F.3d 1093, 1098 (6th Cir. 2012) (quoting *Randles v. Gregart*, 965 F.2d 90, 93 (6th Cir. 1992)). In *Randles v. Gregart*, the plaintiff filed a second complaint that "reasserted the same facts as . . . his first complaint," but added two new defendants. 965 F.2d at 92. "The district court, finding that the second complaint was based on facts identical to those in the first complaint and that [the plaintiff] had been accorded the opportunity to litigate the first complaint, dismissed the second complaint based on res judicata." *Id.* The Sixth Circuit affirmed, holding that, while neither of the new defendants "had been named in the first complaint, the district court was well within its discretion in dismissing these actions pursuant to the doctrine of nonmutual claim or issue preclusion." *Id.* at 93.

Here, as in *Randles*, Funk-Vaughn's complaint is based on facts identical to those in her prior action. Funk-Vaughn had a full and fair opportunity to litigate any claims or issues arising out of those facts in the prior action, and the Court reached a final decision on the merits of that case when it granted motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) (holding that "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits'"). Funk-Vaughn's claims in this action are precluded.

### III. Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that the Court (1) GRANT the defendants' motions to dismiss (Doc. Nos. 24, 58) and DISMISS this action in full; and (2) DENY AS MOOT Jones's motions to dismiss for insufficient service of process (Doc. Nos. 18, 45).

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 1st day of August, 2019.

ALISTAIR E. NEWBERN
United States Magistrate Judge