IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CATHRIN FUNK-VAUGHN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 3:18-cv-01311 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| RUTHERFORD COUNTY, | ) |
| TENNESSEE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

On August 1, 2019, Magistrate Judge Newbern issued a Report and Recommendation ("R&R") (Doc. No. 67), recommending that the Court grant Defendants' motions to dismiss (Doc. Nos. 24, 58), deny as moot Jennings H. Jones' motions to dismiss (Doc. Nos. 18, 45) and dismiss this action in full. (Doc. No. 67 at 4). Plaintiff Cathrin Funk-Vaughn filed timely objections (Doc. No. 68, "Objections") to the R&R. For the following reasons, Plaintiff's objections will be overruled.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(1); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). Objections must be specific; a general objection to the report and recommendation is not sufficient and may result in waiver of further review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). In conducting its review of the objections, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with

instructions." Fed. R. Civ. P. 72(b)(3). The district court is not required to review—under a *de novo* or any other standard— those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id*. at 151.

The Magistrate Judge concluded that Plaintiff's claims are barred by the doctrines of collateral estoppel and res judicata (also known as issue preclusion and claim preclusion, respectively). (Doc. No. 67 at 3-4). The Magistrate Judge explained that Plaintiff's Complaint (Doc. No. 1) was virtually identical to the complaint that she filed in a prior action (*Funk-Vaughn v. Tenn. Dep't of Children's Servs.*, No. 3:18-cv-1286 (M.D. Tenn. 2018); in fact, "[i]n this action, [Plaintiff] has refiled verbatim her complaint from the earlier action with one change—instead of the Tennessee Department of Children's Services, she now names Rutherford County, Tennessee; Murfreesboro, Tennessee; and the Murfreesboro Police Department (the MPD) as defendants." (Doc. No. 67 at 1-2).[1] Thus, Plaintiff "had a full and fair opportunity to litigate any claims or issues arising out of those facts" and "the Court reached a final decision on the merits of that case when it granted [the defendant's] motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." (Doc. No. 67 at 4). The Magistrate Judge relied on a prior Sixth Circuit opinion which held that a district court may dismiss a cause of action based on claim or issue preclusion even if the complaint includes "a change in legal theory or the 'cast of characters—defendants.'" *Ga.-Pac. Consumer Prods. LP v. Four-U-Packaging, Inc.*, 701 F.3d 1093, 1098 (6th Cir. 2012) (quoting *Randles v. Gregart*, 965 F.2d 90, 93 (6th Cir. 1992)).

---

[1] The District Attorney General for Rutherford County, Tennessee, Jennings H. Jones, was not actually named as a defendant in this case, but apparently in an abundance of caution filed motions to dismiss because Plaintiff placed his name on a summons addressed to Defendant Rutherford County. The Magistrate Judge recommended that Mr. Jones' motions to dismiss (Doc. Nos. 18, 45) be denied as moot, and the undersigned adopts that recommendation because Mr. Jones has no need for dismissal, not actually being a defendant herein in the first place.

Plaintiff asserts a myriad of objections to the R&R; however, very few of those objections pertain to the substance of the R&R. Most of Plaintiff's objections discuss the merits of her claims. (Doc. No. 68 at 1-4). Those objections that do not relate to the conclusions made by the Magistrate Judge will not be considered by the Court. *See Soledad v. Webb*, No. 1:18-CV-00126, 2018 WL 6321240, at *2 (S.D. Ohio Dec. 4, 2018) (refusing to address objections that did not relate to the magistrate judge's report and recommendation).

In only three places in her Objections does Plaintiff address anything related to the subject matter of the R&R. Specifically, at the beginning of paragraphs 12-14 of her Objections, respectively, Plaintiff states:

> 12) Honorably [sic] Judge Alistair E. Newbern also makes the allegations that [Plaintiff] "had the opportunity to assert such claims.["] [Plaintiff] has made clams [sic] in this matter and has the court paperwork in her position to back it up from the other courts. . . .
>
> 13) Honorably [sic] Judge Alistair E. Newbern also makes the allegations None of [Plaintiff's] filings in this action has explained her failure to name these defendants in the previous action or argued that she lacked a full and fair opportunity to litigate her claims against them in that case. . . .
>
> 14) Honorably [sic] Judge Alistair E. Newbern also makes the allegations of multiple lawsuits this is the "only" lawsuit that has been filed against the Defendants in this matter.

(Doc. No. 68 at 5). The statements from paragraphs 12 and 13 outlined above do not raise actual objections to the R&R but instead merely paraphrase Plaintiff's understanding of something the Magistrate Judge stated in the R&R. These "objections" are not "clear enough to enable the district [judge] to discern those issues that are dispositive and contentious." *Miller*, 50 F.3d at 380. Therefore, the Court will overrule them.

Plaintiff in paragraph 14 appears (assuming a period was intended after "lawsuits") to claim that this is the *only* lawsuit she has filed against the specific Defendants sued in this matter. (Doc. No. 68 at 5).

The Court agrees with the Magistrate Judge that claim and issue preclusion can apply where the plaintiff sues based on the same factual allegations upon which the plaintiff based a prior lawsuit, even if the plaintiff's suit is brought against defendants different from the defendants in the prior lawsuit. And, in part for this reason, upon *de novo* review the Court agrees that both of these doctrines apply to bar Plaintiff's instant suit. "Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated and as to every theory of recovery that could have been presented." *Taylor v. U.S. Gov't*, 21 F. App'x 264, 265 (6th Cir. 2001) (holding that the plaintiff's claims were barred by claim preclusion "even though he names slightly different defendants"). All requirements of claim preclusion are satisfied here, including the requirements that the current defendants are "privies" of the defendant in Plaintiff's prior lawsuit[2] and that the theories of

---

[2] As noted above, res judicata can apply in a second lawsuit even where the parties are different from the parties involved in the first lawsuit. This is tantamount to saying that the new (different) parties in the second lawsuit can be "privies" of one or more parties in the first lawsuit for purposes of the "parties or their privies" requirement The notion of "parties or their privies" in this context is somewhat amorphous, but it is not narrow. As explained by one court in this Circuit:

> The Sixth Circuit recognizes that "[f]ederal courts are no longer bound by rigid definitions of the parties or their privies for purposes of applying res judicata or collateral estoppel." *Vulcan, Inc. v. Fordees Corp.*, 658 F.2d [1106, 1111 (6th Cir. 1981)]. It is well established that "one interest sufficient to bring a non-party within the ambit of res judicata is a legal duty, right, or interest dependent wholly or in part on the outcome of a lawsuit." *Id*. at 1110. A "derivative successive interest to the same property right" may be sufficient. *Id*. at 1111. "Identity of interests" has been equated to privity. *Harrison v. Bloomfield Bldg. Indus., Inc.*, [435 F.2d 1192, 1195 (6th Cir. 1970)]. Privity exists where "successive parties . . . adequately represent the same legal interests." *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 301 (7th Cir. 1985). That the prior and present parties have similar incentives, powers and opportunities to investigate and litigate is indicative of privity. *Id*. at 301–04. *See In re Regal Constr. Co., Inc.*, 28 B.R. 413, 417 (Bankr. D. Md. 1983) (Surety had same right and power to assert defenses now available to the debtor.).

recovery Plaintiff asserts now could have been presented in her prior lawsuit. (Doc. No. 67 at 2-3).

Alternatively, issue preclusion likewise applies here. As noted by the Sixth Circuit:

> Issue preclusion, often referred to as collateral estoppel, "precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action." *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 661 (6th Cir. 1990). Four requirements must be met before issue preclusion applies: (1) the precise issue must have been raised and actually litigated in the prior proceedings; (2) the determination of the issue must have been necessary to the outcome of the prior proceedings; (3) the prior proceedings must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Georgia-Pac. Consumer Prod. LP*, 701 F.3d at 1098 (emphasis omitted). As indicated, unlike for claim preclusion, there is no requirement that a defendant seeking the benefits of issue preclusion be either a party or a "privy" of a party in the prior lawsuit; only the party against whom collateral estoppel is invoked need have been a party in the prior lawsuit. In other words, "[m]utuality of estoppel is no longer required in federal cases." *In re Shaw*, 210 B.R. 992, 1000 (Bankr. W.D. Mich. 1997). This means, among other things, that a "defendant [i]s allowed to apply 'defensive' nonmutual collateral estoppel where the plaintiff was shown to have been afforded a full and fair opportunity to litigate in the first action." *Id*. (citing *Blonder-Tongue Labs., Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 329 (1971)). Thus, the difference in the identity of defendants between the first and second lawsuits is of no consequence. As for the requirements that do exist for the application of issue preclusion, they clearly are satisfied in this case. In the prior lawsuit,

---

*Render v. Forest Park Police Dep't*, No. CIV.A. 1:07CV489, 2009 WL 1788342, at *4 (S.D. Ohio June 23, 2009). The Sixth Circuit has warned, albeit in a different context, against taking an overly narrow view of the concept of "party and privies" for res judicata purposes. *See Sanders Confectionery Prod., Inc. v. Heller Fin., Inc*., 973 F.2d 474, 481 (6th Cir. 1992). The Court has little trouble concluding that, under the applicable principles set forth above, the defendants in this lawsuit are properly considered "privies" of the defendant in the prior lawsuit, the Tennessee Department of Children Services.

dispositive issues were actually litigated by, and decided against, Plaintiff; those same issues (involving identical factual allegations) are dispositive in this case. Issue preclusion thus both applies and entails that Plaintiff cannot possibly prevail in this lawsuit, even if it were not otherwise barred in its entirety by claim preclusion.

Therefore, the Court **ADOPTS** and **APPROVES** the R&R (Doc. No. 67). Defendants' motions to dismiss (Doc. No. 24, 58) are hereby **GRANTED**. The motions to dismiss (Doc. No. 18, 45) of non-party Jennings H. Jones are **DENIED** as moot. This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE